MINNESOTA CENTRAL RAILWAY COMPANY *vs.* ISAAC N. DONALDSON and another.

January 4, 1888.

Taxes—Railway Land Grant—Continuance of Exemption after Forfeiture of Charter.—By the judgment of this court in *State* v. *Minn. Cent. Ry. Co.*, 36 Minn. 246, entered March 23, 1887, the charter of said company was declared forfeited and annulled. Gen. St. 1878, c. 34, § 416, continued such corporations for three years for certain purposes, such as disposing of their property, etc. *Held*, that lands acquired by said company under the land-grant act of 1857, and legislation subsequent thereto, are exempt from taxation during said period of three years, unless leased, or sold, or contracted to be sold, within that time.

Appeal by defendants from an order of the district court for Rice county, *Buckham*, J., presiding, overruling a demurrer to the complaint.

*Moses E. Clapp*, Attorney General, and *M. H. Keely*, for appellants, cited *Greenwood* v. *Freight Co.*, 105 U. S. 13, 19; *Bewick* v. *Alpena Harbor Co.*, 39 Mich. 700; *Com.* v. *Eagle Fire Ins. Co.*, 14 Allen, 344; *Crease* v. *Babcock*, 23 Pick. 334, 346, (34 Am. Dec. 61;) *Memphis, etc., R. Co.* v. *Railroad Commissioners*, 112 U. S. 609.

*Gordon E. Cole*, for respondent.

COLLINS, J. The complaint herein alleges ownership in the plaintiff of a certain tract of land situated in Rice county, which ownership is derived through an act of congress known as the "Land-Grant Act of 1857," and subsequent territorial and state legislation. It contains a full history of said legislation, and among other things states

that proceedings of *quo warranto* were instituted in the year 1886 to forfeit plaintiff's charter, upon the ground that it had sold its road, and did not own or operate any railroad, which proceedings resulted in a judgment forfeiting and annulling said charter in March, 1887; that the land in question was and is exempt from taxation, by rea-' son of the aforesaid legislation; and that defendants, as auditor and treasurer of said county, are about to place the same upon the tax duplicate, and to levy and assess taxes thereon for the year 1887. The relief demanded is an injunction, and, objections to the form of action having been waived, defendants served a general demurrer, which was overruled, and an appeal taken.

The act of congress referred to, and the legislation which followed, are familiar to all, and need not be detailed. A comprehensive statement thereof may be found in *Minn. Cent. Ry. Co.* v. *Melvin*, 21 Minn. 339, upon page 340, in which were involved lands held by plaintiff by the same tenure as the tract in dispute here. The trial of that case disclosed the fact (admitted in the complaint now being considered) that in the year 1867 plaintiff sold to another corporation its said road and appurtenances,—all of its property, in fact, except such of its granted lands as had not been previously conveyed. It no longer pursued, in any manner, the business of railroading, and had completely abandoned the object for which it was incorporated. Thereupon its charter was adjudged forfeited, as before stated. See *State* v. *Minn. Cent. Ry. Co.*, 36 Minn. 246, (30 N. W. Rep. 816.)

It is urged by the defendants that the exemption granted to plaintiff ceased when its charter was annulled; while the plaintiff contends that this exemption continues during the three years given by statute (Gen. St. 1878, c. 34, § 416,) within which it must close up its affairs. It needs but little discussion to dispose of this question in plaintiff's favor. The statutes (Laws 1857, Ex. Sess. c. 1, *subc.* 3, § 9, p. 21; Sp. Laws 1862, c. 17, § 6; Sp. Laws 1865, c. 5, § 1,) exempt, in unequivocal terms, the granted lands from all taxation until they are leased, or sold, or contracted to be sold; and it was remarked by the court in *Minn. Cent. Ry. Co.* v. *Melvin, supra,* that abandonment and dissolution of the plaintiff corporation had "no tendency to show sale, conveyance, or contract of sale of the lands" in litigation. Since that

decision, plaintiff's default has been judicially determined, and judgment entered forfeiting its charter. But the *status* of its land has not been affected; it still belongs to plaintiff,—a corporation forbidden in March, 1887, to continue the business for which it was organized, but in full life for certain powers enumerated in paragraph 416, chapter 34, *supra.*

The defendants insist that as the exemption did not attach to particular lands, but to the lands of a particular company, that, as the charter of this company has been annulled by its own act of abandonment, the right of exemption, which has its existence solely by said charter, must necessarily have been lost. Such a result does not follow, for the corporate franchise and that only, the power to further transact the kind of business for which corporate rights were conferred, is the thing taken away. The law-makers, realizing the necessity of such a provision, expressly continued the body corporate for three years for certain specified purposes incident to a gradual settlement of its affairs, including a disposal of its property, and the division of its capital stock. No restrictions are placed upon this privilege, and no burden of any kind attached to it.

Order affirmed.